# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

REYNALDO S. SANCHEZ,

    Plaintiff,

vs.                                                                                              Civil No. 98-0863 JC/WWD

KENNETH S. APFEL, Commissioner,
Social Security Administration,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed March 22, 1999 **[docket # 6]**. The Commissioner denied Plaintiff's request for Social Security Disability Insurance ("SSDI") both initially and on reconsideration. Mr. Sanchez is currently 57 years old and alleges a disability which began on April 21, 1995, due to a back impairment and hypertension. He has a history of alcohol abuse. Mr. Sanchez completed high school and worked in the past as a corrections officer.

    2. After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") likewise denied the applications, concluding that Plaintiff has transferable skills and that he could perform sedentary work. Tr. at 21. However, the ALJ also found that Plaintiff could not perform other levels of work because of alcohol abuse, and that he would not be disabled if he stopped drinking. Id. The Appeals Council denied Mr. Sanchez' request for review of the ALJ's decision, thus rendering the ALJ's decision the final decision of the

Commissioner. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

4. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. § 404.1520(a - f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

5. At the first four levels of the evaluation, the claimant must show: (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past. At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

6. The Medical-Vocational Guidelines ("grids") are used at this step to determine whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. The grids reflect the existence of jobs in the national economy at various residual functional capacity levels by incorporating

administrative notice of occupational publications and studies. 20 C.F.R. §§404.1566(d); 416.966(d). This aids the Commissioner in determining what specific job types in the national economy the claimant can perform. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §2000(e)(2).

7. Plaintiff has chronic low back pain, degenerative disc disease and a history of hypertension which is controlled by medication and shows no evidence of end organ damage. Although the ALJ considered Mr. Sanchez to be disabled, he attributed the disability to a "continued period of alcohol abuse." Tr. at 13. Under recently enacted social security provisions, a disability based on substance abuse no longer entitles a claimant to benefits.[1]

8. In this case, the Commissioner has conceded that the case should be remanded for specific reasons, which are listed in the response. However, Plaintiff argues that the proper remedy is reversal. Reviewing the issues that form the basis for Plaintiff's argument, and the record as a whole, I find that the Commissioner's decision should be reversed for the following reasons.

*Alcohol Abuse*

9. Plaintiff first alleges that the ALJ erred in disqualifying him from benefits based on alcohol abuse. The ALJ found that, notwithstanding his back impairment and complaints of disabling pain,[2] Mr. Sanchez has no physical impairments restricting his ability to perform

---

[1] An individual "shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Pub.L. 104-121, § 150(a)(1), (b)(1) (codified as amended at 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J)(1997)).

[2] The ALJ discounted these complaints as not credible. Tr. at 17. I do not find it necessary to address Plaintiff's allegation of error as to the ALJ's credibility determination, given

3

sedentary work. Rather, the ALJ concluded that Plaintiff "cannot work because he drinks alcohol regularly." Tr. at 20.

10. However, as Plaintiff points out, the ALJ relied on two pieces of evidence (medical history reports) that pre-dated Plaintiff's alleged onset date by at least three years. Tr. at 12. I also note that the ALJ made no attempt to develop the record further on the very issue which decisively barred Plaintiff from benefits. There was no inquiry at the hearing as to whether Plaintiff continued to drink, or when and how much he had last imbibed. See Carter v. Chater, 73 F.3d 1019, 1021 (10th Cir. 1996) (although a claimant has the burden of providing medical evidence proving disability, ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues). I cannot fathom how the ALJ determined that Plaintiff would not be disabled if he stopped drinking without knowing whether or not he *was* still drinking.

11. I would recommend remand for further development on this question except that Plaintiff's second allegation, which I address next, renders the issue of ultimately little consequence.

*Exertional Limitations*

12. The ALJ found that Plaintiff's degenerative disc disease reduced his residual functional capacity (RFC) to perform sedentary work, but that application of the grids at §201.07 resulted in a finding that he was not disabled. Tr. at 19. The nature of the ALJ's error related to this finding convinces me that reversal, and not remand, is proper here. I agree with Plaintiff that the ALJ's conclusion that Plaintiff had the ability to carry out sedentary work based on Dr. Hamilton's report, Tr. at 169-70, is legally incorrect.

---

that my recommendation of reversal is based on other grounds.

13. Dr. Hamilton opined that Mr. Sanchez could lift ten pounds occasionally, five pounds frequently, stand and walk for two hours and sit for four hours in an eight-hour workday.[3] While Mr. Sanchez may have the ability for lifting, standing and walking within the category of sedentary work, his exertional limitations do not satisfy the requirements for sitting, which should "total approximately 6 hours of an 8-hour workday." SSR 83-10; 20 C.F.R. § 404.1567(a); see, e.g., Coleman v. Heckler, 572 F. Supp. 1089, 1090 (D.Colo. 1983) (Opinion evidence that a claimant cannot sit for more than a total of three hours during an eight-hour work day denies the existence of residual functional capacity to perform sedentary work).

14. Plaintiff argues as an alternative to reversal that vocational testimony would be helpful to determine how much of the sedentary occupational base was eroded by Plaintiff's exertional limitations. However, such testimony is not helpful where Plaintiff's limitations have already removed him from a certain work category, as has occurred in this case. See, e.g., Talbot v. Heckler, 814 F.2d 1456, 1464 (10th Cir. 1987).

15. The ALJ's own findings based on the objective medical evidence belie the ultimate conclusion that Plaintiff can do a full range of sedentary work. The ALJ then compounded the error of a faulty premise by then proceeding to rely on the grids. See Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (grids should not be used conclusively in a particular case "unless the claimant could perform the full range of work required of that [RFC] category on a daily basis and unless the claimant possesses the physical capacities to perform most of the jobs in that range"). I might add that there is no reference, either from evidence in the record, or by the

---

[3] The four-hour figure is for the *total* number of hours Plaintiff can sit. Dr. Hamilton opined that Mr. Sanchez was able to sit for only one hour uninterrupted. Tr. at 170.

5

ALJ in his decision, which links Plaintiff's sitting limitations to alcohol abuse.

16. The Commissioner has not satisfied his burden at step five in the evaluation process to show that Plaintiff has the RFC to do work in the national economy other than past relevant work. Thompson at 1487 (citations omitted). The ALJ's findings in themselves support the conclusion that Plaintiff cannot perform sedentary work and should therefore be found to be disabled under the regulations. Given the above findings, I need not consider Plaintiff's other contentions relating to issues which would have been addressed on remand.

## Recommendation

I recommend that Plaintiff's Motion to Reverse and Remand for a Rehearing **[docket # 6]** is GRANTED in that the Commissioner's decision should be reversed. I further recommend that Plaintiff be found to have a disability as defined by the social security regulations, and that full benefits be awarded for the relevant insured period.

_____
UNITED STATES MAGISTRATE JUDGE